UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDRINNA BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 2593 |
| | ) | |
| vs. | ) | Judge Darrah |
| | ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officer | ) | |
| JEFFREY KRIV, Star 19265 | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a resident of Chicago.

5. JEFFREY KRIV is a duly appointed and sworn Chicago police officer. At all times relevant to this Complaint, JEFFREY KRIV was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6. JEFFREY KRIV is sued in his individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about February 21, 2009, Plaintiff was at her grandmother's house located at 2930 West Warren in the City of Chicago visiting family.

9. Plaintiff's mother had been drinking and started an argument with Plaintiff.

10. Someone from the house called 911.

11. A short time later Defendant JEFFREY KRIV arrived at the house.

12. When KRIV arrived, Plaintiff's mother told KRIV that she wanted Plaintiff to leave the house.

13. Plaintiff told KRIV that her mother was drunk and that it was her grandmother's house and if her grandmother wanted Plaintiff to leave she would.

14. Plaintiff started walking to her grandmother's room.

15. KRIV grabbed Plaintiff by her shirt and violently pulled her toward the front door.

16. Plaintiff's three-year-old son began screaming.

17. Plaintiff's mother then told KRIV to let Plaintiff get her son.

18. KRIV told Plaintiff that her son is a "bastard" and that she is probable just raising him off the money she received from the Obama stimulus check.

19. Plaintiff told KRIV that she has a job and probable makes more money than he does.

20. KRIV became irrate and pushed Plaintiff onto a couch and began punching her.

21. KRIV pulled Plaintiff by her neck and told her to get her "bastard" child and leave.

22. Plaintiff got her son and went outside.

23. Plaintiff called her boyfriend to come pick her up.

24. Plaintiff was crying and in extreme pain.

25. After Plaintiff's boyfriend picked her up, they went to the 11th District police station and spoke with the desk sergeant about the incident.

26. Upon information and belief, the desk sergeant at the 11th District called the 13th District police station to inform them about the incident.

27. The desk sergeant then told Plaintiff's boyfriend to take Plaintiff to the hospital.

28. Plaintiff went to Mt. Sinai hospital to receive treatment for her injuries. Plaintiff was diagnosed with *inter alia* multiple contusions.

29. While at the hospital, Sgt. O'Donnell arrived and spoke with Plaintiff.

30. KRIV also came to the hospital.

31. Plaintiff told Sgt. O'Donnell what happened and that she wanted to file a complaint against KRIV.

32. Sgt. O'Donnell and KRIV then left.

33. A short time later, the Independent Police Review Authority arrived at the hospital and Plaintiff made a complaint under Log # 1024070.

34. Plaintiff was not charged with any crime.

35. KRIV acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

36. As a direct and proximate result of the acts of KRIV described above, Plaintiff suffered damages including physical pain and suffering, emotional distress and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

37. Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

38. JEFFREY KRIV violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against JEFFREY KRIV,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

39. The acts of JEFFREY KRIV described in the above claims were willful and wanton, and committed in the scope of employment.

40. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from JEFFREY KRIV's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

                                          Respectfully submitted,

                                          /s/ Louis J. Meyer
                                          *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Adele D. Nicholas
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595